ARCO
MANAGEMENT CORP.

July 21, 2004

**BY FEDERAL EXPRESS / PDF**

Maureen Musilli
Contracting Officer
U.S. Department of Housing and Urban Development
The Wanamaker Building
100 Penn Square East
Philadelphia, Pennsylvania 19107-3380

Re: Arco Claim and Certification of Claim - 203(k) Program: Contract No. C-HOU-00021, Task Order ATL-T0070

Dear Ms. Musilli:

On June 11, 2004, I sent you a letter and supporting attachments regarding our Final Request for Payment in the amount of $415,505.30 for work performed under the above-referenced Contract. A copy of my June 11 letter (without attachments) is attached. My letter said that if you expressly denied our Final Request for Payment, or failed to respond to it within thirty (30) calendar days from its date, Arco would understand that you are denying its Final Request for Payment and that there is a dispute with respect to that claim. As of this morning, neither Arco nor our attorneys have received any communication from you regarding its Final Request for Payment. I therefore understand that there is a dispute with regard to the requested payments.

As you have failed to respond to my Final Request for Payment, I am certifying that Final Request for Payment as a claim in the amount of $413,955.30[1], plus applicable interest, under the Contract Disputes Act of 1978, as amended, and I am requesting that you issue a contracting officer's Final Decision within 60 days of this request per FAR 33.211 and 52.233-1. Upon receipt of a Final Decision denying the claim, or your failure to issue a decision within sixty (60) days which we will deem to be a denial of the claim, we will proceed accordingly.

[1] Note Arco's claim included contingent liabilities, in the amount of $7,000, for alleged violations issued at 255 Wyckoff Ave. Arco has received the final decision on the alleged violations for that property, a fine in the amount of $4,850 plus another $600 in legal fees for the same. Accordingly Arco is reducing its claim being certified and submitted in this letter today by $950.00, the difference between Arco's estimate of the contingent fine and the actual fine paid by Arco for 255 Wyckoff Avenue. Note as well that the amounts in numbers 18-20 on the Arco Management claim are no longer contingent liabilities but are the fines actually assessed by the City of New York and paid by Arco Management.

2 Executive Blvd., Suite 301 ▲ Suffern, New York 10901 ▲ Telephone: 845.368.2400 ▲ Fax: 845.368.2499 ▲ 800.727.2690

ARCO

If you have any questions about Arco's Claim, please contact me immediately at the telephone number below.

Very truly yours,
ARCO MANAGEMENT CORP

Jeffrey P. Goldstein
President

Copies to:
- Ronald S. Perlman, Esq., Buchanan Ingersoll PC
- A.T.S. Mechanical Contractors
- Controlled Plumbing Co., Inc.
- Drimart Restoration Corp.
- Lockman, Inc.
- M. Farbman & Sons, Inc.
- MSC Restorations
- RAM Building
- Total Boiler Care, Inc.
- TUCS Services, Inc.

Attachments, as stated:
- Copy of Arco letter to Contracting Officer dated June 11, 2004
- Certification of Claim

ARCO
MANAGEMENT CORP.

June 11, 2004

**BY FEDERAL EXPRESS**

Maureen Musilli
Contracting Officer
U.S. Department of Housing and Urban Development
The Wanamaker Building
100 Penn Square East
Philadelphia, Pennsylvania 19107-3380

Re: Arco Final Request for Payment - 203(k) Program: Contract No. C-HOU-00021, Task Order ATL-T0070

Dear Ms. Musilli:

Pursuant to Section B, Clause 2 "Pricing (Firm-Fixed Price)", Page B-1 of the above referenced contract, Arco Management Corp. ("Arco") hereby requests payment in the amount of $415,505.30. The request for payment covers ten items, in two major categories: (1) Arco expenses post-October 31, 2003 and (2) unpaid subcontractor invoices. The breakdown of the request for payment is as follows:

1. Arco - $85.095.80; (Attachment 1)
2. A.T.S. Mechanical Contractors - $11,587.98; (Attachment 2 & 3)
3. Controlled Plumbing Co., Inc. - $96,750.78; (Attachment 4 & 5)
4. Drimart Restoration Corp. - $97,324.60; (Attachment 6& 7)
5. Lockman, Inc. - $9,428.09; (Attachment 8 & 9)
6. M. Farbman & Sons, Inc. - $25,593.93[1]; (Attachment 10)
7. MSC Restorations - $8,698.00; (Attachment 11 & 12)
8. RAM Building - $19,127.00; (Attachment 13 & 14)
9. Total Boiler Care, Inc. - $50,710.11; and (Attachment 15 & 16)
10. TUCS Services, Inc. - $11,189.01. (Attachment 17& 18)

Total: $415,505.30

[1] M. Farbman & Sons, Inc. alleges that it is owed $25,593.93. Arco's records indicate that M. Farbman & Sons, Inc. is owed $15,611.83. M. Farbman & Sons, Inc. has not certified its claim that it is owed $25,593.93. The difference between Arco's records and Farbman's alleged claim relates to the boiler which was not entirely installed at 323 Quincy Street but HUD was made aware of all actions that needed to be taken to complete this installation in the closeout documents as part of Mod 4.

2 Executive Blvd., Suite 301 ▲ Suffern, New York 10901 ▲ Telephone: 845.368.2400 ▲ Fax: 845.368.2499 ▲ 800.727.2690

Supporting documentation for Arco's request is attached hereto in attachments 1-18. The supporting documentation attached to this letter consists of a listing of necessarily incurred Arco expenses in connection with management of the 203(k) properties covered under the contract subsequent to October 31, 2003 (attachment 1) and listings of unpaid invoices (identified by work item and property) for each of the above-identified subcontractors (attachment 2-18). Documentation supporting all expenses for Arco is maintained at our offices, and is available for your inspection upon request. Since most of the subcontractor invoice support material has already been produced to your office (relating to $345,304.90 in invoices), it is not being forwarded again. The remainder (relating to $70,200.40 in subcontractor invoices) that has not been submitted previously was either not received in a timely manner by our office from the subcontractor or (in a very limited number of instances) was inadvertently misplaced by our office through the last submission of sub-contractor invoices. These previously not-submitted invoices should be included for payment with the rest of the invoices already submitted to HUD because they are for legitimate work, which was done by our subcontractors on HUD's properties and it would be unfair and unethical to not pay amounts properly due because of a formalistic technicality.

Arco's direct expenses were incurred in connection with necessary management activities subsequent to October 31, 2003 relating to building code violations for your 203(k) properties that should have been taken care of by the management contractor (NHG) that replaced us on that date, but who failed to notify the proper New York City authorities in the proper fashion that they had replaced us, and who you did not ensure accomplished this substitution notwithstanding our repeated requests to do so, and are proper for payment under the Changes Clause of the contract [FAR 52.243-1 at page I-5 of the contract] as for a constructive change to the contract. Also, entitlement to collect costs associated with continuation of property management functions because of the failure to have NHG assume management responsibility with New York City violates Section 1.5 of the October 23, 2003 Modification 0004 agreement that "transition duties ...will cease at contract/task order expiration, October 31, 2003." Since you failed to act so that Arco's management duties would not continue on beyond that date, you are accountable now for that failure. We forewarned you on multiple occasions that we would seek collection of these costs, and this communication is in keeping with those warnings. I am certain that you are well aware of all our communications regarding this issue, so I will not repeat them here.

To repeat, this final request for payment is for work performed in accordance with the Contract. We understand that by your letters dated November 3, 2003 and November 4, 2003 and emails dated January 27, 2004 from Cardell Johnson and February 13, 2004 from Alan Ruscoe, both of your office, you have already declined to make payment on many of the subcontractor invoices covered under this Final Request for Payment. However since the invoices and Arco's expenses are proper for payment in accordance with Section B, Clause 2 "Pricing (Firm-Fixed Price)", Page B-1 of the Contract, we are making a Final Request for Payment.

If you expressly deny this Final Request for Payment, or if you fail to respond to it within thirty (30) calendar days from its date, then Arco will understand that you are denying Arco's

Final Request for Payment and that there is a dispute with respect to this claim. Arco will then certify its Final Request for Payment as a claim under FAR 33.207 and request a contracting officer's Final Decision under FAR 33.211. Upon receipt of your Final Decision, or in its absence, we will then proceed accordingly.

If you have any questions about this Final Request for Payment, please contact me immediately at the telephone number above.

Very truly yours,

Jeffrey P. Goldstein
President

Copy to:
Ronald S. Perlman, Esq. Buchanan Ingersoll, PC
A.T.S. Mechanical Contractors
Controlled Plumbing Co., Inc.
Drimart Restoration Corp.
Lockman, Inc.
M. Farbman & Sons, Inc.
MSC Restorations
RAM Building
Total Boiler Care, Inc.
TUCS Services, Inc.

ARCO
MANAGEMENT CORP.

**Certification of**
**Claim - 203(k) Program: Contract No. C-HOU-00021, Task Order ATL-T0070**

I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the contractor.

Name: Jeffrey P. Goldstein

Title: President, Arco Management Corp.

7/21/04
(Date)

2 Executive Blvd., Suite 301 ▲ Suffern, New York 10901 ▲ Telephone: 845.368.2400 ▲ Fax: 845.368.2499 ▲ 800.727.2690