U.S. Department of Housing and Urban Development

The Wanamaker Building
100 Penn Square East
Philadelphia, Pennsylvania 19107-3380

September 17, 2004

Mr. Jeffrey Goldstein
Arco Management Corp.
2 Executive Blvd.
Suite 301
Suffern, NY 10901

Dear Mr. Goldstein:

I am writing in response to your letter of July 21, 2004, in which you certified your firm's claim of $413,955.30 for the performance of contract C-HOU-00021, Task Order ATL-T0070. In your July 21st letter, you referenced your June 11, 2004 letter which itemized your firm's Final Request for Payment. I will refer to the Attachments to the June 11th letter in this response.

Attachment 1 listed 34 Items described as Unpaid Invoices and Secondary Claim Amounts for Arco Management Corp. Item 1 is for Arco invoices V591 & V592 for TUCS Services. The contract GTR has approved and payment has been made for $9,700.57 of the total $11,081.64 claimed. The GTR made an inspection of the work and concluded that although the work was performed, the amount billed was an overcharge for the actual amount of sheetrock and painting used for the job. Items 2 through 8 are for invoices that HUD has previously paid to Arco.

Item 9 is for an unidentified $583.06 invoice, which is noted as "not yet been seen by HUD." Your firm submitted numerous invoices for the first time with your June 11, 2004 letter for work performed by Arco's subcontractors. The original deadline for subcontractor invoices was November 28, 2003 as agreed upon in contract Modification 004. HUD continued to accept additional invoice information from Arco into December 2003 and January 2004, but HUD will not consider additional subcontractor invoices submitted for the first time with your June 11th letter. This also applies to Item 10, which is for subcontractor work not previously submitted to HUD.

Attachment 1, Items 11 through 21 and Item 28 are for costs claimed by Arco related to the handling of violations for properties in the inventory after Arco's contract expiration. Arco submitted no detailed documentation for these Items and HUD therefore denies payment of these Items.

Items 22 through 24 are claimed amounts for expenses incurred by Jason Philips of Arco. No detailed documentation as to the relevancy of these Items was provided and HUD therefore denies payment.

Items 25 through 27 are claimed amounts for Arco's administrative work related to the "Non Payment of Contractors". HUD denies payment of these Items.

Items 29 through 34 are claimed amounts for "Contract Administration Counseling for Untimely transition of properties to NHG and untimely payments and unresponsiveness by HUD". No detailed documentation was provided for these Items and HUD denies payment of these Items.

Attachments 2 through 10 of the June 11th letter list by subcontractor invoices for which Arco claims payment is due. These fall into three

categories. First are those invoices which were being submitted for the first time with the June 11, 2004 letter, which as stated above, HUD will not consider. Second are invoices for which HUD has made partial payments. As stated in a February 13, 2004 e-mail from Alan Ruscoe of HUD to Arco's attorney Ronald S. Perlman, partial payments were made in cases where HUD could not justify full payment based on the type and quality of the work as documented and as inspected by HUD. Finally, are those invoices for which HUD has denied any payment because the documentation provided by Arco did not assure HUD that it received the services for which it was billed.

This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

Sincerely,

Maureen Musilli
Contracting Officer