## AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

1. CONTRACT ID CODE | PAGE 1 OF 4 PAGES

2. AMENDMENT/MODIFICATION NO.: 004
3. EFFECTIVE DATE:
4. REQUISITION/PURCHASE REQUEST NO.:
5. PROJECT NO. (If applicable):

6. ISSUED BY — CODE
U. S. Dept. of HUD
Philadelphia Contracting Operations
100 Penn Square East
Philadelphia, PA 19107

7. ADMINISTERED BY (If other than Item 6) — CODE
Same as Block 6

8. NAME AND ADDRESS OF CONTRACTOR (No., street, county, State, and ZIP Code)
ARCO Management Corporation
2 Executive Boulevard, Suite 301
Suffern, NY 10901

CODE — FACILITY CODE

(✓) 9A. AMENDMENT OF SOLICITATION NO.

9B. DATED (SEE ITEM 11)

10A. MODIFICATION OF CONTRACT/ORDER NO.: C-HCU-00021/ATL-T0070

10B. DATED (SEE ITEM 13): 3/11/02

### 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of offers ☐ is extended ☐ is not extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods: (a) By completing Items 8 and 15, and returning ____ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If, by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)

No change

### 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS, IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

(✓)
- ☐ A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.
- ☐ B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103 (b).
- ☐ C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:
- X D. OTHER (Specify type of modification and authority)
  mutual agreement of the parties

IMPORTANT: Contractor ☐ is not ☒ is required to sign this document and return 3 copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

HUD and ARCO Management Corporation (ARCO) hereby agree to end Task Order ATL-T0070 under C-HCU-00021 effective October 31, 2003. The terms and conditions detailed on pages 2, 3, and 4 are also agreed upon:

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

15A. NAME AND TITLE OF SIGNER (Type or print): Jeffrey P. Goldstein, President

15B. CONTRACTOR/OFFEROR: [signature] (Signature of person authorized to sign)

15C. DATE SIGNED: 10/23/2003

16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print): Maureen Musilli

16B. UNITED STATES OF AMERICA BY [signature: Maureen Musilli] (Signature of Contracting Officer)

16C. DATE SIGNED: 10-23-03

NSN 7540-01-152-8070
PREVIOUS EDITION UNUSABLE
30-105
STANDARD FORM 30 (REV. 10-83)
Prescribed by GSA
FAR (48 CFR) 53.243

**Modification 0004 to**
**Task Order ATL-T0070 under**
**Contract C-HOU-00021**

1. Regarding transition:

1.1. ARCO's on-site management responsibilities will end at Close of Business on Friday October 31, 2003.

1.2. ARCO agrees that, on October 31, 2003, it will provide to HUD all of ARCO's current tenant information by apartment (in electronic fashion). This data will include, but is not necessarily limited to:

1.2.1. Inventory Status Report;
1.2.2. Status of Open Litigation;
1.2.3. Tenant Rosters;
1.2.4. Rent Rolls;
1.2.5. Status of Eviction Actions;
1.2.6. Status of Utility Accounts (for tenant paid buildings);
1.2.7. Status of open Emergency Repair (ERP) Notices;
1.2.8. Status of Unresolved Hazards/Code Violations;
1.2.9. Pending Work Orders

1.3. ARCO agrees that, on October 31, 2003, it will provide HUD with all keys it has in its possession.

1.4. ARCO agrees to cooperate to make available all files and paperwork pertaining to the properties managed under this Task Order for copying by HUD.

1.5. Any other transition duties will be negotiated between ARCO and HUD but will cease at contract/task order expiration, October 31, 2003.

1.6. ARCO agrees that, with respect to property insurance on the 203(k) properties, it will advise Paul Jemmi of Acordia of Illinois to terminate the insurance policy as of October 31, 2003 and to reimburse, directly to HUD, any moneys paid for insurance coverage beyond that date. Under the current policy there is a $15,000

deductible. If there are any claims made, subsequent to October 31, 2003 that would be covered under this deductible, ARCO will forward these claims to HUD for processing as soon as notified, and HUD will handle them.

1.7. HUD will not pay any amount in connection with the work covered under all outstanding invoices involving T&MTT. As such, ARCO will not submit a request for payment for work done by T&MTT that is covered under these invoices.

1.8. As HUD and ARCO have mutually agreed to end the task order on October 31, 2003, ARCO agrees that it will not file, sponsor, initiate, or voluntarily support or assist, in any way, any claim, appeal, or other suit against HUD, either on behalf of itself or any subcontractor, in connection with the manner of the conclusion of this task order.

2. Regarding contract close out:

2.1. ARCO agrees that it will not attempt to charge HUD for management services after October 31, 2003, even if the time to resolve the reimbursable issues goes somewhat beyond this date.

2.2. ARCO agrees to submit to HUD by close of business Friday, November 28, 2003, any and all outstanding reimbursable bills (invoices) (except oil, electric, gas, taxes and municipal charges, which will have not yet been received by that date) and to waive any claim for any reimbursable expenses not submitted by this date.

2.3. ARCO and HUD agree to cooperate with each other and to devote whatever reasonable effort is necessary during the period leading up to November 28, 2003 to close out all the open reimbursable invoice matters.

2.3.1. ARCO will submit all invoices it has on hand by October 31, 2003. (These will be summarized on an Excel spread sheet.)(Invoices received by ARCO after October 31, but before November 28, 2003 will be added to the process as they come in.)

2.3.2. HUD will review and accept or challenge each invoice that it has received by October 31, 2003 by November 14, 2003. (Any invoices received after that date will be processed as rapidly as possible). Challenged invoices will have reasons identified for the challenge. If no reason for challenge is identified, then the invoice will be presumed proper for payment.

2.3.3. There will be a meeting between Cardell Johnson of HUD and Kevin Shaughnessy and/or Jason Phillips of ARCO no later than November 21, 2003, at a place and time to be mutually agreed, to go over the challenged invoices.

2.3.4. ARCO will then either accept the challenge (and drop its claim for the invoice in question) or provide additional documentation by November 25, 2003.

2.3.5. HUD will then either accept the rationale and designate the invoice for payment, or maintain its challenge, with reason(s) stated by December 5, 2003.

2.4. If there are any unresolved invoice issues as of December 5, 2003, then Maureen Musilli and Jeffrey Goldstein will meet in person no later than December 12, 2003, at a place and time to be agreed, to try and resolve the outstanding reimbursable issues.

2.5. If HUD and ARCO are unable to reach agreement as to any payments that may be owed by HUD to ARCO with respect to any invoice, HUD and ARCO agree that they will submit such matters to a neutral third party for some manner of non-binding mediation, arbitration, or alternative dispute resolution. The neutral third party's recommendation as to any possible adjustment owed should be issued not later than January 15, 2004. HUD and ARCO will mutually agree to both the manner of non-binding mediation, arbitration, or alternative dispute resolution and the neutral third party that will be utilized.

3. This modification constitutes the complete mutual agreement of the parties. No other changes will be made unless agreed to by both parties and reduced to writing.