IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARCO MANAGEMENT CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1782C |
| v. | ) | |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

0. The allegations contained in the first unnumbered paragraph are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits the allegation in paragraph 2 that the defendant is the United States. The remainder of the allegations contained in paragraph 2 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3. Admits the allegations contained in paragraph 3 to the

extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 3.

4. Admits the allegations contained in paragraph 4 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 4.

5. The allegations contained in paragraph 5 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 7.

8. The allegations contained in paragraph 8 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

9. Denies.

10. Admits the allegations contained in the first, second,

third and fourth sentences of paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first, second, third and fourth sentences of paragraph 10. The allegations contained in the fifth sentence of paragraph 10 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

11. Admits the allegations contained in paragraph 11 to the extent supported by the contract cited (through use of the term "HUD properties" defined in terms of the contract in paragraph 7), which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 11.

12. Denies the first sentence of paragraph 12 for lack of knowledge or information sufficient to form a belief as to its truth. The allegations contained in the second and third sentences of paragraph 12 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

14. Admits the allegations contained in paragraph 14 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 17.

18. The allegations contained in paragraph 18 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

19. Denies the allegations contained in the first sentence of paragraph 19. The allegations contained in the second and third sentences of paragraph 19 are plaintiff's characterization

of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the fourth sentence of paragraph 19 to the extent supported by the report cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the fourth sentence of paragraph 19.

20. The allegations contained in paragraph 20 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. Admits the allegations contained in paragraph 21 to the extent supported by the contract modification cited; which is the best evidence of its contents.

22. The allegations contained in paragraph 22 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 are conclusions of law, and plaintiff's characterization of its case,

to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except admits that plaintiff requested a meeting with the contracting officer regarding invoices.

25. The allegations contained in paragraph 25 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

26. Admits the allegations contained in the first sentance of paragraph 26 to the extent supported by the contract modification cited; which is the best evidence of its contents. The allegations contained in the second sentence of paragraph 26 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28. Denies the allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. The allegations contained in paragraph 29 are

conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

32. Admits the allegations contained in paragraph 32 to the extent supported by the document cited; which is the best evidence of its contents.

33. Admits.

34. Denies.

35. Admits the allegations contained in paragraph 35 to the extent supported by the document cited; which is the best evidence of its contents.

36. Admits the first sentence of paragraph 36. The allegations contained in the second sentence of paragraph 36 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of

fact, they are denied.

37. Admits the allegations contained in paragraph 37 to the extent supported by the document cited; which is the best evidence of its contents.

38. The allegations contained in paragraph 38 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

39. Defendant's responses to paragraphs 1 through 38 of the complaint are incorporated by reference.

40. The allegations contained in paragraph 40 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except admits that some services performed by plaintiff pursuant to the contract were valuable to the United States.

42. The allegations contained in paragraph 42 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be

deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

44. The allegations contained in paragraph 44 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

45. The allegations contained in paragraph 45 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

46. The allegations contained in paragraph 46 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

47. The allegations contained in paragraph 47 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

48. Defendant's responses to paragraphs 1 through 47 of the complaint are incorporated by reference.

49. The allegations contained in paragraph 49 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Admits.

50. Admits the allegations contained in paragraph 50 to the extent supported by the contract modification cited; which is the best evidence of its contents.

51. The allegations contained in paragraph 51 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

52. The allegations contained in paragraph 52 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

53. The allegations contained in paragraph 53 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

54. The allegations contained in paragraph 54 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

55. The allegations contained in paragraph 55 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

57. Defendant's responses to paragraphs 1 through 56 of the complaint are incorporated by reference.

58. Admits the allegations contained in paragraph 58 to the extent supported by the contract modification cited; which is the best evidence of its contents.

59. The allegations contained in paragraph 59 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

60. The allegations contained in paragraph 60 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

61. The allegations contained in paragraph 61 are conclusions of law to which no response is required; to the

extent that they may be deemed allegations of fact, they are denied.

62. The allegations contained in paragraph 62 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

63. The allegations contained in paragraph 63 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

64. The allegations contained in paragraph 64 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

65. The allegations contained in paragraph 65 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

66. Defendant's responses to paragraphs 1 through 65 of the complaint are incorporated by reference.

67. The allegations contained in paragraph 67 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be

deemed allegations of fact, they are denied.

68. Denies the allegations contained in paragraph 68 for lack of knowledge or information sufficient to form a belief as to its truth.

69. The allegations contained in paragraph 69 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

70. The allegations contained in paragraph 70 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

71. The allegations contained in paragraph 71 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

72. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 71 or to any relief whatsoever.

73. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant

defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/S James M. Kinsella
JAMES M. KINSELLA
Deputy Director

/S James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W.
Washington, D.C. 20530
Tele: 202-307-6289
Fax: 202-514-7969

OF COUNSEL

RICHARD A. MARCHESE
Attorney
Department of Housing
and Urban Development

April 15, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on April 15, 2005, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier